MICHAEL N. FEUER, City Attorney- SBN 111529x
THOMAS H. PETERS, Chief Assistant City Attorney – SBN 163388
CORY M. BRENTE, Assistant City Attorney – SBN 115453
RENA M. SHAHANDEH, Deputy City Attorney - SBN 198072
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Rena.shahandeh@lacity.org
Phone No.: (213) 978-7029
Fax No.: (213) 978-8785

Attorneys for Defendants
CITY OF LOS ANGELES, JOSE VAZQUEZ,
and EAKAWAT KANTANON

FILED
CLERK, U.S. DISTRICT COURT
AUG - 2 2016
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL NUILA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF LOS ANGELES, a Municipality; JOSE VAZQUEZ; EAKAWAT KANTANON; and Does 1 through 10, Inclusive,<br><br>　　　　Defendants. | CASE NO. CV14–9160-DDP-PJWx<br>*Hon. Dean D. Pregerson, Ctrm 3 (Spring)*<br>*Hon. Mag. Patrick J. Walsh, Ctrm. 23 (Spring)*<br><br>[PROPOSED]<br>PROTECTIVE ORDER |

THE PARTIES HAVING STIPULATED TO THE FOLLOWING, this Court hereby orders as follows:

　　　1.　　The parties may designate as confidential the following:

　　　　　　[A]　Any and all personnel complaints made against the Defendant Officers and provided to the Plaintiff during discovery;

　　　　　　[B]　Any and all documents to which the parties agree in writing shall be kept confidential;

1 all of which Defendants believe might contain information of a privileged, confidential, private or sensitive nature, by affixing to such document or writing a legend, such as "Confidential." "Confidential Documents," "Confidential Material," "Subject to Protective Order" or words of similar effect. This category of documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation.

2. Confidential Information may be used by the persons receiving such information only for the purpose of this litigation.

3. Subject to the further conditions imposed by this stipulation, Confidential Information may be disclosed only to the following persons:

(a) Counsel for the parties and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision;

(b) Such other parties as may be agreed by written stipulation among the parties hereto.

4. Prior to the disclosure of any Confidential Information to any person described in paragraph 3(a) or 3(b), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this stipulation, and shall cause him or her to execute, on a second copy which counsel shall thereafter serve on the other party the following acknowledgment:

> "I understand that I am being given access to Confidential Information pursuant to the foregoing stipulation and order. I have read the Order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.

1 | Dated: _____/s/_____ "

2  5. Upon the final termination of this litigation, including any appeal
3  pertaining thereto, all Confidential Information and all copies thereof shall be
4  returned to the Defendants, except as to Court personnel. All Confidential
5  Information disclosed to any person or party pursuant to any provision hereof also
6  shall be returned to the Defendants.

7  6. If any party who receives Confidential Information receives a
8  subpoena or other request seeking Confidential Information, he, she or it shall
9  immediately give written notice to the Defendants' counsel, identifying the
10 Confidential Information sought and the time in which production or other
11 disclosure is required, and shall object to the request or subpoena on the grounds of
12 this stipulation so as to afford the Defendants an opportunity to obtain an order
13 barring production or other disclosure, or to otherwise respond to the subpoena or
14 other request for production or disclosure of Confidential Material. Other than
15 objecting on the grounds of this stipulation, no party shall be obligated to seek an
16 order barring production of Confidential Information, which obligation shall be
17 borne by the Defendants. However, in no event should production or disclosure be
18 made without written notice to Defendants' counsel unless required by court order
19 after serving written notice to defendants' counsel.

20 7. Any pleadings, motions, briefs, declarations, stipulations,
21 exhibits or other written submissions to the Court in this litigation which contain,
22 reflect, incorporate or refer to Confidential Information shall be filed and maintained
23 under seal, after written application to the Court made. If the Court approves the
24 application to file the documents under seal, the original and judge's copy of the
25 document shall be sealed in separate envelopes with a title page affixed to the
26 outside of each envelope. No sealed or confidential record of the Court maintained
27 by the Clerk shall be disclosed except upon written order of the Court.
28 *[handwritten:]* Under seal filings are governed by Local Rule 79-5. This protective order does not authorize the parties to file

*[Paragraph 7 is crossed out with a large X.]*

*documents under seal. PJW*

8. Counsel for the parties hereto agree to request that any motions, applications or other pre-trial proceedings which could entail the discussion or disclosure of Confidential Information be heard by the Court outside the presence of the jury, unless having heard from counsel, the Court orders otherwise.

9. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

10. This Protective Order survives settlement, trial and/or appeal.

IT IS SO ORDERED.

DATED: 8/2/16

HONORABLE PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

-4-